IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA DUNN,

        Plaintiff,

v.                                   1:14-cv-00609-WSD

FEDERAL EXPRESS,

        Defendant.

## OPINION AND ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), for a determination of whether Patricia Dunn's ("Plaintiff") Complaint [3] is frivolous.

### I. BACKGROUND

On February 28, 2014, Plaintiff submitted an Application to Proceed in District Court without Prepaying Fees or Costs [1]. On March 4, 2014, Magistrate Judge E. Clayton Scofield found that Plaintiff met the financial requirements for *in forma pauperis* ("IFP") status, granted her request to proceed IFP pursuant to 28 U.S.C. § 1915(a), and the Complaint was submitted to this Court for a frivolity determination.

In her Complaint, Plaintiff asserts against Defendant Federal Express ("Defendant") a claim under Title III of the Americans with Disabilities Act[1] ("ADA").  Plaintiff alleges that she suffered an injury on Defendant's premises and that "Fedex diagnosed me with needing a total hip replacement."  Compl. at 2.  Plaintiff claims that she "bid on a lower ranking job, customer service, . . . taking a cut in pay to [sic] wishing to reduce stress on my hip/thigh injury."  Id. at 3.  She alleges further that Defendant "place [sic] mein shipping 90% of the time until I collapses Sept. 2012."  Id.  She claims Defendant violated the ADA for failing to provide a reasonable accommodation for her injury and by terminating her on September 28, 2012.

She asserts she received a right-to-sue letter from the Equal Employment Opportunity Commission on December 5, 2013.  On February 28, 2014, the Plaintiff filed and delivered her Complaint to the Clerk of the Court.

---

[1] The Court liberally construes Plaintiff's references to Title III of the Civil Rights Act of 1968 as alleging a violation of Title III of the ADA because Plaintiff has alleged disability-based discrimination. (Compl. at 2).  The Complaint is filed on the Court's Title VII Complaint form but the Court considers the Complaint as one asserting a claim under the ADA.

2

**II.   DISCUSSION**

    A.   <u>Dismissal of a frivolous, malicious, or implausible complaint</u>

Section 1915(e)(2) of Title 28 requires a court to dismiss an IFP case if the court determines that an action is frivolous, malicious, or fails to state a claim on which relief may be granted.[2] A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993); <u>accord</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

    B.   <u>Americans with Disabilities Act of 1990</u>

The ADA, 42 U.S.C. §§ 12101 <u>et seq.</u>, is comprehensive legislation which addresses discrimination against disabled individuals. The Act has three sections: Title I regulates discrimination in the workplace; Title II prohibits discrimination by public entities; and Title III prohibits discrimination by private entities in places of public accommodation. Title I applies to Plaintiff's claims in this litigation.

---

[2] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Title I provides that:

> No covered entity shall discriminate against a qualified individual on the basis of the disability in regard to job application procedures, the hiring and advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

42 U.S.C. § 12112.

To prevail on a Title I claim for disability discrimination, Plaintiff must demonstrate that (1) she has a disability; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination as a result of her disability. Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999); Morisky v. Broward County, 80 F.3d 445, 447 (11th Cir. 1996)).

The ADA provides several examples of what constitutes a reasonable accommodation, including: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B); *see* 29 C.F.R. § 1630.2(o)(2)(ii). An employer unlawfully discriminates against a qualified individual when the employer fails to provide "reasonable accommodations" for the disability, unless doing so would impose "undue hardship" on the employer. 42 U.S.C. § 12112(b)(5)(A). "An accommodation is reasonable only if it enables the employee

to perform all essential job functions." <u>Morisky</u>, 80 F.3d at 447 (citing <u>Willis v. Conopco, Inc.</u>, 108 F.3d 282, 284 (11th Cir. 1997)).  Plaintiff has the burden to prove that such an accommodation exists.  <u>Id.</u> (citing <u>Willis</u>, 108 F.3d at 285).

Considering the allegations of the Complaint liberally, the Court determines that Plaintiff has alleged that she suffered an injury that requires her to have a full hip replacement and that this condition causes her pain and did not allow her to perform the job function she was performing when she was injured.  She claims Defendant did not reasonably accommodate her injury and resulting impairment of function by assigning her duties commensurate with the injury she suffered.  She also appears to claim that her condition was the basis for her termination.

At this stage of the litigation, Plaintiff has alleged sufficient facts to proceed IFP on her ADA claim against Defendant.

C.   <u>Service of process</u>

Federal Rule of Civil Procedure 4(c)(3) states that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."

Having authorized Plaintiff to proceed IFP in this action, the Court orders service be made by the United States Marshal Service.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's ADA claims against Defendant are allowed to proceed.

The Clerk is **DIRECTED** to send Plaintiff copies of a USM 285 form, summons, and initial disclosures form.  Plaintiff is **DIRECTED** to complete the USM 285 form, the summons, and the initial disclosures form and return one for Defendant to the Clerk of Court within twenty (20) days of the entry date of this Order.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.  Plaintiff is warned that if he fails to provide accurate address information to the Clerk of Court for Defendant or fails to return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order, this action may be dismissed for failure to obey a lawful order of the Court.  LR 41.3 A.(2), N.D. Ga.  Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant.  The service waiver package must include, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms

(prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summons.

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant. Defendant has a duty to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the USMS a service package. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the USMS is **DIRECTED** to personally serve Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

**SO ORDERED** this 14th day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE